$1,000 insurance policy which had been assigned to the executrix in her individual name. Under the law, objectant could not have any interest in the U. S. Bonds which were payable to a stated beneficiary. The same applies to the insurance policy, which was assigned as far back as December, 1938. There could be nothing "illusory" about these matters. Moreover, since objectant was not a creditor, she could not examine on any basis of the application of the Debtor and Creditor Law. Absent any possible legal interest in the transactions into which objectant wanted to delve, it was an improvident exercise of discretion to permit the examination. Concur — Rabin, J. P., Frank, Valente, McNally and Stevens, JJ. [See post, p. 861.]

■ BARBARA PATTON, Respondent-Appellant, v. ARCH PATTON, Appellant-Respondent.— One of the principal elements upon which an award of alimony should be based is the standard of living maintained by the parties (Hearst v. Hearst, 3 A D 2d 706, affd. 3 N Y 2d 967; Phillips v. Phillips, 1 A D 2d 393, 396). What constitutes that standard in this matrimonial action is not entirely clear from the record and should be resolved upon full development of the facts at the trial. The defendant's appeal from the Special Term order is modified to the extent of reducing the temporary alimony to $1,000 per month, plus the continued payments by the husband of mortgage interest and amortization, real estate taxes and insurance on the property owned by him and now occupied by his wife and child. As modified the order is otherwise affirmed. On the cross appeal, the order is affirmed, without costs. Settle order. Concur — Rabin, J. P., Frank, Valente, McNally and Stevens, JJ.

■ TRANSPACIFIC STEAMSHIP COMPANY, INC., Respondent, v. MARINE OFFICE OF AMERICA, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Frank, Valente and Stevens, JJ. [6 Misc 2d 881.]

■ In the Matter of the Accounting of MICHAEL SIBILIO, as Executor of TERESA PACE, Deceased, Respondent. ERMELINDA PACE, Respondent; MARIA OLIVASTRO, Appellant.— Decree unanimously affirmed, without costs. No opinion. Concur — Botein, P. J., Breitel, Frank, Valente and Stevens, JJ.

■ In the Matter of the Accounting of BETTY STRONG, as Administratrix of the Estate of SAMUEL GOLDBERG, Deceased, Appellant. BAKERS MUTUAL INS. COMPANY OF NEW YORK, Respondent.— Decree unanimously affirmed, without costs. No opinion. Concur — Botein, P. J., Breitel, Frank, Valente and Stevens, JJ.

■ In the Matter of JOSEPH G. PURCELL, Appellant, against ROBERT MOSES, as Park Commissioner of the City of New York, Respondent.— Final order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Frank and Valente, JJ.

■ In the Matter of the Accounting of UNITED STATES TRUST COMPANY OF NEW YORK, as Successor Trustee under the Will of HARRIS C. FAHNESTOCK, Deceased, Appellant. EDWARD J. GOULD, as Special Guardian, Appellant; HANOVER BANK et al., as Executors of HELEN F. HUBBARD, Deceased, Respondents.— Decree so far as appealed from unanimously affirmed, with costs to all parties appearing separately and filing briefs, payable out of the estate. No opinion. Concur — Botein, P. J., Breitel, Frank, Valente and Stevens, JJ.

■ YETTA SAGORSKY et al., Copartners Doing Business under the Name of I. S. SAGORSKY & SON v. B. H. MALYON.— Motion to reargue denied, with $10 costs. Concur — Botein, P. J., Breitel, Rabin and Frank, JJ.

■ EDNA SPIEGEL v. METROPOLITAN LIFE INSURANCE COMPANY et al.— Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.