■ ELEONORE S. MACK, Respondent, v. ARTHUR W. MACK, Appellant.— Judgment insofar as appealed from unanimously reversed on the law and facts, without costs of this appeal to either party, and matter remitted to Onondaga Trial Term for the entry of an amended judgment upon proper findings of fact and conclusions of law in accordance with the memorandum herein. Memorandum: The judgment herein granting a divorce to plaintiff and making allowances to the wife and children and various other decretal provisions was entered upon a signed written decision or opinion. Such may be permissible pursuant to section 440 of the Civil Practice Act but we believe it is preferable in a matrimonial action to have formal findings of fact and conclusions of law. Moreover, the court's finding as to the issue of adultery is ineptly worded and appears to be based in part on the fact that " there is no dispute on this subject." This, of course, is improper. (Rules Civ. Prac., rule 283.) The defendant at the time of trial received a salary of $30,000 annually. After payment of income taxes this amount is reduced to substantially less than $25,000. The trial court, however, made awards totaling approximately $24,000 annually and conferred additional benefits the annual cost of which it is impossible to even estimate. This was completely unrealistic and if complied with by defendant would leave him with no funds with which to maintain himself properly so as to perform the duties of an important executive position. The discretion of the trial court was improvidently exercised in making these several awards. In the exercise of a proper discretion we (1) reverse so much of the decretal paragraph numbered five as fixed the date of commencement of alimony and support payments as of April 1, 1961 and directed $100 bimonthly payments on the arrearages (cf. *Barnes* v. *Barnes,* 3 A D 2d 242) and disapprove the findings upon which it was based; (2) modify the remaining portion of the paragraph numbered five to direct that defendant shall pay monthly the sum of $500 for the support of plaintiff and $300 monthly for the support of the three infant children; (3) modify the paragraph of the judgment numbered 11 to direct that the allowance of an attorney fee shall be paid in monthly installments of $200 and the pretrial expenses in monthly installments of $50. Additional benefits were conferred upon plaintiff and the children by the provisions of paragraphs of the judgment numbered 6 to 10, inclusive. Therein it was directed that defendant submit to a physical examination, reinstate certain G. I. life insurance, provide $30,000 life insurance under a Group Plan, provide Blue Cross and Blue Shield insurance, pay all unusual medical and surgical bills of plaintiff and the children and " pay, settle or compromise " a mechanic's lien on premises owned by the parties. Quite aside from the power of the court to make or enforce such provisions (cf. *Ostrom* v. *Ostrom,* 270 App. Div. 872) we conclude that this action was an improvident exercise of discretion in the light of the income of defendant and the other directions to pay. These paragraphs (6 to 10 inclusive) in the exercise of discretion are reversed and this relief requested by plaintiff is denied. Proper findings of fact and conclusions of law implementing these directions should be made and signed by the Trial Judge and an amended judgment entered thereon. (Appeal from certain parts of a judgment of Onondaga Trial Term granting a divorce, alimony, support and counsel fees.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS MEERS, Appellant.— Order unanimously affirmed. (Appeal from order of Erie County Court denying a motion to vacate a 1937 judgment of conviction.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.