■ GLADYS E. HENDERSON, Appellant, v. WILLIAM L. HENDERSON, Respondent.— Judgment unanimously reversed on the law and facts, without costs, and a new trial granted. Memorandum: Plaintiff appeals from a judgment dismissing her complaint for a divorce based upon the cruel and inhuman treatment of defendant, granting defendant's counterclaim for divorce based upon the parties living separate and apart for one year pursuant to a separation agreement and denying her alimony. Defendant failed to prove a prima facie case by establishing that the separation agreement complied with statutory requirements (Domestic Relations Law, § 170, subd. [6]) and also because the action was governed by the two-year requirement of the prior statute rather than the more liberal requirements of the 1970 amendment (L. 1970 ch. 835, § 4). Since the agreement was executed in 1970, it appears that this error may be corrected by the proof and amendment of the pleadings. Furthermore, while plaintiff's proof of cruel and inhuman treatment was not fully developed, the record indicates that she possessed evidence which may have entitled her prima facie to a divorce but her proof and defendant's contradictory proof were improperly circumscribed by the court. We agree with the trial court that the separation agreement was not voidable because of defendant's alleged duress or his coercion of plaintiff to sign it. However, we hold that it was void because contrary to public policy. The agreement directed payment of a lump-sum settlement to plaintiff by defendant and made no provision for her continuing support. The trial court held that this agreement foreclosed her claim to alimony at the time of trial. Section 5-311 of the General Obligations Law provides that a husband and wife may not contract to relieve a husband from his liability to support his wife. Agreements which attempt to do so by providing for lump-sum payments rather than measuring the amount of support required are void (*Haas* v. *Haas*, 298 N. Y. 69, 72; *Kyff* v. *Kyff*,

286 N. Y. 71, 74; *Van Dyke* v. *Van Dyke*, 278 App. Div. 446, 449; affd. 305 N. Y. 671; and, see, *McMains* v. *McMains*, 15 N Y 2d 283, 285). While such agreements may still supply grounds for divorce under subdivision (6) of section 170 (see *Schiff* v. *Schiff*, 270 App. Div. 845), the court should examine the financial circumstances of the parties *de novo* and determine alimony as if the agreement did not exist insofar as it purports to relieve the husband of his obligation to support his wife (*Jackson* v. *Jackson*, 290 N. Y. 512, 517). Furthermore, the wife's mismanagement of a prior lump-sum settlement does not restrict the court's review of her need for support (*DeRobertis* v. *DeRobertis*, 261 App. Div. 476, mot. for lv. to app. den. 286 N. Y. 733) and the matter is to be considered in light of the applicable statutory requirements (Domestic Relations Law, § 236). This case is distinguishable from cases which involve modification of support provisions in an agreement which is valid and adequate when made and incorporated but not merged in a court decree. In those cases the wife must establish that she is in danger of becoming a public charge before modification (*McMains* v. *McMains, supra*). In this case the agreement was designed to release the husband from his continuing obligation to support and was void *ab initio* because contrary to public policy. (Appeal from judgment of Jefferson Trial Term in divorce action.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.