■ ELIZABETH LAMBERTI, Appellant, v FRANK LAMBERTI, SR., Respondent.—In a matrimonial action, the plaintiff wife appeals (1) from a judgment of the Supreme Court, Westchester County, entered October 21, 1974, which, *inter alia,* (a) granted her a divorce and (b) provided for the merger therein of a stipulation of agreement entered into between the parties in open court, which appeal brings up for review an order of the same court, entered October 11, 1974, which denied her motion (a) for a rehearing and (b) to vacate the said stipulation, and (2) from a further order of the same court, entered March 20, 1975, which denied her motion to punish defendant for contempt for failure to comply with certain provisions of the judgment. Judgment, and order entered October 11, 1974, reversed, on the law and in the interests of justice, without costs or disbursements; motion to vacate the stipulation and to reopen the case granted; all pleadings are reinstated; and action remanded to Special Term for a new trial. The questions of fact have not been considered. Appeal from the order entered March 20, 1975, dismissed as academic, without costs or disbursements, in light of the above determination. The settlement stipulation upon which the judgment of divorce was based was void because, contrary to public policy, it provided for payment of a lump-sum settlement to the wife by the husband but made no provision for her continuing support (see General Obligations Law, § 5-311; *Henderson v Henderson,* 47 AD2d 801). Consequently, the wife's motion to vacate the stipulation and to reopen the case should have been granted. Under the circumstances, the husband should be placed in *status quo* by having his withdrawn pleadings reinstated. Hopkins, Acting P. J., Martuscello, Margett, Christ and Shapiro, JJ., concur.

■ LENA LOGUIDICE, as Executrix, Appellant, v EUGENE LOGUIDICE, Doing Business as Thomas Loguidice, Respondent.—In an action for an accounting, plaintiff appeals (1) from an order of the Supreme Court, Queens County, dated February 10, 1975, which granted, with prejudice, defendant's motion to dismiss the amended complaint and (2) as limited by its brief, from so much of a further order of the same court, dated February 20, 1975, as, upon reargument, adhered to the original determination. Appeal from the order dated February 10, 1975 dismissed, as academic. That order was superseded by the order which granted reargument. Order dated February 20, 1975 reversed insofar as appealed from, and defendant's motion denied. Defendant's time to answer the amended complaint is extended until 10 days after service upon him of a copy of the order to be entered hereon, together with notice of entry thereof. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. In the present action for an accounting of the assets of a partnership entered into by defendant and plaintiff's testator, the complaint, as amended pursuant to Special Term's order dated November 19, 1974, sets forth facts sufficient to apprise the defendant of the underlying claim. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.