■ DOROTHY E. BRUNO, Respondent, v GERALD BRUNO, Appellant.— Judgment unanimously modified, on the facts, and as modified affirmed, without costs. Memorandum: Defendant appeals from so much of a judgment in a divorce action as directs him to pay alimony to the plaintiff in the sum of $200 per week and all of plaintiff's medical, dental and hospital expenses. After a 20-year marriage the parties executed a separation agreement in October, 1973 whereby plaintiff received slightly less than $14,000 as her equal share of joint bank accounts, and an automobile valued at $3,700. The agreement contained a nonmerger clause regarding any future divorce suit, and provided that plaintiff would not seek or accept any judgment or decree granting her alimony. Plaintiff withdrew her action at trial and judgment was entered in favor of defendant on a conversion no fault basis under subdivision (6) of section 170 of the Domestic Relations Law. Both parties testified as to their respective financial resources and expenses on the issue of alimony. Defendant urges the validity of the separation agreement and the enforceability of plaintiff's waiver of alimony and also urges, for the first time on appeal, that section 5-311 of the General Obligations Law is unconstitutional as violative of the Equal Protection Clause of section 11 of article I of the New York State Constitution, in that it sets a different standard for a wife than a husband as to the validity of support waivers in separation agreements. His suggestion that we interpolate into the statute substantive language establishing the same guideposts limiting a husband's obligation to support a wife as are included therein regarding a wife's obligation to support a husband, must be rejected as properly a legislative function. Section 5-311 requires both husband and wife under certain circumstances to support the other and to that extent cannot be constitutionally repugnant. Defendant's argument is necessarily addressed to that language which establishes guideposts in determining the wife's capacity to be contractually relieved of liability, and that language is not involved in the subject matter of this action. Defendant's constitutional argument being without merit, the separation agreement, to the extent that it purports to relieve the defendant from liability to support the plaintiff, is contrary to section 5-311 and since it makes no provision for her continuing support, is void. *(Haas v Haas,* 298 NY 69; *Kyff v Kyff,* 286 NY 71.) Nonetheless, the agreement properly supplied grounds for divorce under subdivision (6) of section 170 of the Domestic Relations Law, since such agreements survive for that purpose *(Schiff v Schiff,* 270 App Div 845) and alimony could properly be established. In the facts here the trial court's duty was to examine the financial circumstances of the parties *de novo* and determine alimony as if the agreement did not exist *(Henderson v Henderson,* 47 AD2d 801). The trial court could have considered the marital standard of living as an element upon which to base an award of alimony *(Patton v Patton,* 5 AD2d 860) but that is only one element, among many, to which the court's discretion is directed under section 236 of the Domestic Relations Law. The court had sufficient evidence before it on the alimony issue in view of the 20-month separation of the parties and the financial and other circumstances extant at the time of trial. Remand to trial term now to take proof on the marital standard of living would serve no useful purpose.

The award of $200 weekly alimony and the direction to defendant to pay plaintiff's medical, dental and hospital expenses is inconsistent with the trial court's other findings of fact. Defendant's biweekly net pay is barely sufficient to meet his "current living costs" even conceding that some of that cost will not be permanent. In order to meet any substantial alimony payment, he will be obliged to reduce drastically his other expenses. The finding that plaintiff's expenses are $734 per month, including doctor and dental charges, must be tempered by the finding that plaintiff's actual living cost for the preceding 20 months was $590 per month. Furthermore, since the judgment directed defendant to pay all of plaintiff's medical, dental and hospital expenses, the higher figure a fortiori is reduced by $50. Balancing the interests, the alimony is reduced to $150 per week, but the direction to defendant to pay plaintiff's medical, dental and hospital expenses will not be disturbed. (Appeal from judgment of Onondaga Special Term in action to set aside separation agreement.) Present.—Marsh, P. J., Moule, Mahoney, Dillon and Witmer, JJ.