◼ PAULINE FLATTO, Respondent, v FREDERICK FLATTO, Appellant.—Order, Supreme Court, New York County, entered February 8, 1977, granting plaintiff's motion to punish defendant for contempt and ordering defendant to maintain life insurance for the benefit of the issue of the parties in accordance with the parties' separation agreement which was incorporated but not merged in the judgment of divorce, and denying defendant's cross motion to dismiss plaintiff's counsel is unanimously modified to the extent of reversing the finding of contempt and the direction to maintain life insurance, on the law and the facts, and is in all other respects affirmed, without costs and without disbursements. The parties executed a separation agreement on November 1, 1973, under which defendant husband was to maintain $250,000 of life insurance for the benefit of their issue if plaintiff wife remarried. On April 25, 1974, plaintiff's divorce decree was entered and provided that the separation agreement "is incorporated by reference herein and shall not merge but survive the judgment." Plaintiff remarried and defendant did not maintain the insurance, hence the instant proceedings. Section 240 of the Domestic Relations Law is clear that "the court must give such direction, between the parties, for the custody, care, education and maintenance of any child of the parties, as, in the court's discretion, justice requires". The law does not authorize child support after the death of the husband, and absent an agreement between the parties, or express statutory fiat that the allowance be a charge against the father's estate after death, an award whether of alimony or child support terminates on the husband and father's death (Wilson v Hinman, 182 NY 408; Matter of Van Arsdale, 190 Misc 968). Since this is the rule, and life insurance premiums being paid are not within the statutory contemplation of "care, education and maintenance" (§ 240), but for maintenance after the father's death, a judgment requiring the maintenance of life insurance does not fall within the care, education and maintenance set forth in section 240 to be authorized by the court. (Ostrom v Ostrom, 270 App Div 872; see, also, Edelman v Edelman, 19 AD2d 613; Mack v Mack, 16 AD2d 1029; Rosenberg v Rosenberg, 42 AD2d 590). Although that paragraph of the order granting plaintiff's motion to punish for contempt might have been more carefully worded, it is apparent from Special Term's decision that there was no contempt finding intended and that the motion was granted only with respect to the insurance premiums. The reference to contempt is merely used as an omnibus means of identifying the motion, but the order filed does not make that clear and must be reversed. In Gilbert v Gilbert (54 AD2d 752) the explicit language of the judgment reserved to the court, itself, jurisdiction to enforce such provisions of the separation agreement as are capable of specific performance. However, here there is no such similar reservation, and accordingly, plaintiff must bring a plenary action to enforce the separation agreement which survived the judgment of divorce. Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.