■ GLADYS E. HENDERSON, Appellant, v WILLIAM L. HENDERSON, Respondent.—Judgment unanimously modified, without costs, and matter remitted to Supreme Court, Jefferson County, for further proceedings, in accordance with the following memorandum: This is the second appeal in a prolonged divorce litigation which began in November, 1970. At the second trial, the parties entered into a stipulation which provided, *inter alia,* that each party waived the right to cross-examine the other, that if sufficient evidence were introduced the court would award both parties a divorce on the ground of abandonment, and that defendant would pay plaintiff a lump-sum settlement of $15,000. No provision was made for alimony. This

stipulation was incorporated by reference into the divorce decree which granted divorce to both parties on the ground of abandonment. Plaintiff, although she agreed to the stipulation, now appeals from the decree. The award to both parties of a divorce on the ground of abandonment cannot stand. Mutual abandonment is not a recognized basis for divorce under Domestic Relations Law (§ 170). The "mutuality" of the abandonment negatives an essential element of the findings necessary to support a divorce on the grounds of abandonment under Domestic Relations Law (§ 170, subd [2]), viz., that "the separation is against the will and without the consent of the complaining spouse". (Belandres v Belandres, 58 AD2d 63, 64; 16 NY Jur, Domestic Relations, § 886.) Since our decision in the prior appeal (Henderson v Henderson, 47 AD2d 801, app dsmd 37 NY2d 782), both parties served amended pleadings in which, inter alia, they demand divorces pursuant to Domestic Relations Law (§ 170, subd [6]) upon the ground that they had as of the date of the amended pleadings in 1975 lived apart continuously pursuant to a written separation agreement executed on November 16, 1970 and duly filed in the Jefferson County Clerk's office. There is in the record sufficient proof to grant a divorce to each party pursuant to Domestic Relations Law (§ 170, subd [6]). Inasmuch as both parties wish to be divorced and no purpose would be served by a third trial on all of the issues, the decree of divorce and findings should be modified so that it is stated that the mutual divorces are granted pursuant to Domestic Relations Law (§ 170, subd [6]) instead of Domestic Relations Law (§ 170, subd [2]). Although we find that the separation agreement properly supplied grounds for the divorce (Bruno v Bruno, 51 AD2d 862; Schiff v Schiff, 270 App Div 845), we have previously held that agreements which attempt to relieve the husband of his obligation to support the wife by providing for lump-sum payments are void (Bruno v Bruno, supra; Henderson v Henderson, supra; General Obligations Law, § 5-311.) It follows that the stipulation providing for payment to plaintiff by defendant of a $15,000 settlement in lieu of alimony is also void. Accordingly, we remit the matter to Trial Term for a determination of how much, if any, alimony should be awarded. The court is not bound by the terms of the separation agreement or the stipulation but should examine the circumstances of the parties de novo in light of the criteria set forth in Domestic Relations Law (§ 236) to determine whether the wife is entitled to alimony and, if so, how much. (Bruno v Bruno, supra; Henderson v Henderson, supra.) The court should in the exercise of its discretion as an equity court having jurisdiction of the matter make appropriate provision for crediting against any alimony ordered the amount already paid under the lump-sum agreement, or, in the event no alimony is awarded, for recoupment by defendant. (See Tirrell v Tirrell, 190 App Div 463, revd on other grounds 232 NY 224; Pelz v Pelz, 156 App Div 765.) (Appeal from judgment of Jefferson Supreme Court—divorce.) Present—Marsh, P. J., Simons, Dillon, Hancock, Jr., and Denman, JJ.