■    JANE E. ZIRIN, Respondent, v JAMES D. ZIRIN, Appellant.—Order, Supreme Court, New York County, entered June 1, 1978, granting plaintiff's motion for temporary alimony, child support and related relief and directing defendant to pay alimony in the sum of $500 per week, child support in the sum of $250 per week for the two minor children of the parties and to pay the children's dental, medical (including psychiatric) expenses and private school tuition and the monthly maintenance charge of $747 on the marital co-operative apartment, unanimously modified, on the law and the facts, to provide and direct alimony payments in the sum of $400 per week and child support in the sum of $200 per week, and to strike the third decretal paragraph from the order appealed from, effective as to the reduction in the amount of alimony and child support as of the date of the order to be entered herein, and otherwise as of a date to be fixed in the order to be settled hereon, and, as so modified, affirmed, without costs and without disbursements. In fixing the amount of temporary alimony to be awarded, the court looks, in the first instance, to section 236 of the Domestic Relations Law which provides that the court may direct the husband to provide "suitably for the support of the wife as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of the wife to be self supporting, the circumstances of the case and of the respective parties." "The ultimate determination in each case must depending upon a balancing of several factors—the financial status of the respective parties, their age, health, necessities and obligations, their situation in life, the duration and nature of the marriage, and the conduct of the parties" *(Phillips v Phillips,* 1 AD2d 393, 398, affd 2 NY2d 742). "No special or unusual circumstances have been shown which would justify a departure from the general rule that the furnishing of a private education to one's child is 'not within the purview of necessaries for which a father can be obligated [citing cases]'. *(Tannenbaum v Tannenbaum,* 50 AD2d 539, 540; *Winston v Winston,* 50 AD2d 527.)" *(Ternes v Ternes,* 58 AD2d 763, 764.) After scrutiny of the record and applying the principles enunciated above to the case at bar, it is concluded that, in order to achieve a fairer balance of the equities, the order appealed from must be modified downward to provide $400 alimony and $200 child support per week and to strike the third decretal (see *Kover v Kover,* 29 NY2d 408) and dental and medical expenses, including psychiatric care. Further it is concluded that a fair balance of the equities mandates that defendant should continue to pay the maintenance charge of $747 per month for the marital apartment. "The best protection to

both parties against any unfairness in the fixing of temporary alimony on the basis of affidavits is a speedy trial rather than appeal or reference" *(Bleiman v Bleiman,* 272 App Div 760). At the trial the awards directed herein should have no effect in the determinations on the grant of permanent alimony, child support and related relief or the amounts thereof, which determinations should rest upon the evidence adduced at said trial. On this record, modification is limited to the foregoing observations. Settle order. Concur—Murphy, P. J., Lupiano, Silverman, Markewich and Sullivan, JJ.