■ JANE E. LEIGH, Respondent-Appellant, v SANFORD LEIGH, Appellant-Respondent.—Resettled judgment, Supreme Court, New York County, entered June 28, 1977, and the order of the same court and dated, unanimously modified, on the law and the facts and in the exercise of discretion, in the following respects: (a) as to the second decretal paragraph: to remand the question of custody of the children of the parties for rehearing, to include psychiatric and physical evaluation of the parties, utilizing the services of the Family Counseling Unit, and to make a new determination thereon, pending which the provisions of that paragraph shall remain in effect, as shall also the provisions of the third decretal paragraph relating to

visitation; (b) as to the fourth decretal paragraph: to remand for a rehearing on alimony and child support and to make a new determination thereon, pending which the provisions of that paragraph shall, as modified ad interim by the order of this court of June 6, 1978, and as clarified as to effective date of reduction by the order of this court (Motion No. 3536) released simultaneously herewith, remain in effect; (c) as to the eighth decretal paragraph: to strike therefrom the provision for moving expenses; (d) as to the ninth decretal paragraph: to refer to the trial court the question of counsel fee for this appeal and for the further proceedings hereby directed; (e) to add to the judgment a provision entering judgment for arrears in alimony and child support to the date of the resettled judgment without prejudice to an application to enter judgment for arrears subsequent thereto; (f) as to the separate order, to the extent that, *inter alia,* it confirmed the report of the Special Referee and directed the parties as to the division of articles of personalty: to remand for clarification thereof and in the confirmed report, and, when thus clarified, to add such directions to the judgment; (g) as to the balance of the separate order, the provisions thereof having been partially subsumed in the judgment, the remainder to be subsumed as provided in the preceding paragraph, and having been reviewed on this appeal, to dismiss the appeal therefrom; and otherwise affirmed, all without costs and disbursements. While we affirm those findings and conclusions on which there are bottomed those aspects of this case having to do with the marital relationship itself, we glean from this extensive record a number of errors requiring modification of the resettled judgment, as well as of a separate order, entered simultaneously with the resettled judgment and concerned primarily with modifications of the earlier judgment, certain provisions of which were found by us not to have been incorporated in the judgment itself on resettlement. What follows is by way, wherever required, of further explanation of the modifications directed *supra.* The record is replete with evidence concerning the mental and emotional state of plaintiff-respondent-appellant wife, and there is implicit in the evidence of what was found to be cruel and inhuman treatment carried on by the husband enough to raise at least a question as to his emotional stability. The record is without indication that these factors received appropriate consideration in depth in arriving at decisions having to do with custody. We vacate accordingly and remand for further fact finding. Visitation provisions, the equivalent as scheduled of brief periods of custody, are similarly to be re-examined. (See *Kesseler v Kesseler,* 10 NY2d 445.) Apparently incorrect standards were utilized for fixation of alimony and child support. Numerous factors are to be considered other than the standard of living prior to separation, amongst which are both the husband's and the wife's means as well as her ability to support herself *(Phillips v Phillips,* 1 AD2d 393, affd 2 NY2d 742; *Kover v Kover,* 29 NY2d 408), and the husband's need to maintain a separate establishment *(Pournaras v Pournaras,* 25 AD2d 635). Insufficient weight was given to the evidence that the wife's talents had been employed for 15 years in the husband's business. And apparently no consideration whatever was given to the fact that the standard itself had been temporarily inflated by expenditure of capital derived from the sale of the parties' co-operative apartment. (See *Orenstein v Orenstein,* 26 AD2d 928, affd 21 NY2d 892.) We therefore vacate and remand. The provision for moving expenses is directly contrary to the specific agreement of the parties. Provision is required for counsel fee for what we have required to be done, though we regard that heretofore paid as sufficient for past services. No provision has been made for judgment

for arrears, and we have supplied that lack. The conflicts as to personalty require final resolution and belong in the judgment. Findings and conclusions are to be deemed amended in consonance with all the foregoing. Settle order. Concur—Murphy, P. J., Evans, Markewich and Yesawich, JJ.