■ ARLENE BAERGER, Respondent, v PAUL BAERGER, Appellant.—Order, Supreme Court, New York County, entered July 28, 1978, fixing temporary alimony and support, is unanimously modified, on the law and the facts, and in the exercise of discretion, so as to strike from the first decretal paragraph the phrase "and utilities, excluding telephone," and to strike the second and third decretal paragraphs, and the order is otherwise affirmed, without costs or disbursements. Appellant husband has recently had a pretax income of approximately $78,000. The effect of the order that we are making is to

require him to pay, *pendente lite,* $200 per week for the support of his wife and $200 per week for the support of his children ($100 per week per child) plus the maintenance of the co-operative apartment in which the wife and children reside amounting to $1,017 per month. The total thus is at the rate of about $33,000 per year. This is quite close to the $31,000 per year which the husband had been voluntarily paying. Of course payments made pursuant to our order involve certain income tax benefits for the husband. The order appealed from also required the husband to pay utilities, private school tuition, camp expenses and piano lessons for the children, health insurance and medical expenses, which made the total payable by the husband about $48,000 per year. We think that is excessive. We have previously expressed our general disapproval of fragmented alimony awards. However, at least *pendente lite* in the circumstances in this case, it is probably better to have a direction for the husband to pay the maintenance of the apartment. (Cf. *Zirin v Zirin,* 65 AD2d 514.) The circumstances are not so unusual as to require departure from the general rule that a father is not obligated to furnish private school education for his children. Concur—Lupiano, J. P., Silverman, Evans, Fein and Markewich, JJ.