■ EILEEN COLABELLA, Respondent, v JAMES R. COLABELLA, Appellant. — In an action for a separation, the defendant husband appeals (1) as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Lockman, J.), entered July 21, 1980, as (a) directed him to pay alimony of $50 per week, child support of $40 per week for each of the parties' three children, and the mortgage payments on the marital residence of $233 per month; (b) directed him to pay to the wife a total of $1,268, representing her one-half share of the parties' 1979 Federal and State income tax refunds based upon their joint tax returns and one half of a check he received from the mortgagee bank, representing moneys it had held in a tax escrow account; and (c) directed him to pay to the wife the sum of $825 as arrears under a temporary alimony and support order; and (2) as limited by his brief and the effect of a stipulation of the parties, made in open court on October 6, 1981, and on which an order was entered November 12, 1981, from so much of an order of the same court entered December 11, 1980, as granted the wife's motion (a) for a wage deduction order pursuant to section 49-b of the Personal Property Law of $170 per week for future alimony and child support; (b) for entry of a money judgment in the sum of $1,573 for arrears in alimony and child support due under the judgment of separation and her interest in the New York State tax refund and mortgage escrow funds; (c) for a wage deduction of $25 per week to satisfy the aforesaid money judgment; (d) for an award of counsel fees to the wife in the sum of $500; and (e) for resettlement of the judgment of separation so as to provide for the payment of $265 per month toward the mortgage and carrying charges thereon rather than $233. Judgment modified, on the facts, by reducing the child support to $25 per week per child. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Order modified by (1) striking the words "in all respects" and "it is further" from the first decretal paragraph thereof and by adding thereto, after the word "granted", the words "to the following extent:"; (2) substituting the sum of $125 per week for the sum of $170 per week in the second decretal paragraph; and (3) striking the third, fourth, fifth and sixth decretal paragraphs thereof. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and the case is remitted to the Supreme Court, Nassau County, for a hearing and new determination in accordance herewith as to those matters determined in the third, fourth, fifth and sixth decretal paragraphs. The husband is a signal maintainer for the New York City Transit Authority with a per week net income found to be $315 by Special Term. The total weekly payments of approximately $231 for alimony, child support and mortgage set by the judgment of separation, as resettled, were clearly excessive given the husband's net weekly income (see *Mack v Mack,* 16 AD2d 1029). The husband's need to have money to live on after payments are made must be taken into account when setting such payments (see *Leigh v Leigh,* 66 AD2d 735; *Bruno v*

*Bruno,* 51 AD2d 862). With respect to the issues raised on the appeal from the order, it is our view that the wage deduction for alimony and child support to become due in the future was proper because there was "good cause" to believe that defendant would not regularly make required payments in accordance with the judgment. We have, however, found that the amount of child support directed by Special Term in the judgment was excessive and accordingly the wage deduction provided for in the second decretal paragraph of the order should be reduced to the sum of $125 per week. Special Term erred in calculating arrears. With respect to the wife's allegation that defendant was in arrears in paying the required mortgage and carrying charges on the marital home, the husband alleged that payments had been made but had not been credited to him. This disputed issue of fact was never resolved at a hearing and it follows that entry of a money judgment for such claimed arrears and the entry of a wage deduction order to collect the same was improper. With respect to the alleged arrears in payment of the $825 due under the judgment of separation for unpaid temporary alimony and support, and the alleged arrears in payment of the wife's share of income tax refunds and escrow moneys, it appears that the wife has received the entire Federal tax refund of $1,730. The total amount due the wife as her share of the tax refunds and escrow moneys was $1,268. The overpayment of $462 should be credited against the $825 in unpaid temporary alimony and child support, leaving a balance due thereon of $363. Since the child support due under the judgment has been reduced, Special Term should recalculate the amount of any arrears due thereunder predicated on the new figure of $25 per week per child. The record presents a disputed issue of fact as to defendant's ability to pay the arrears which should have been determined at a hearing before a wage deduction order was granted (see *Ciotti v Ciotti,* 67 AD2d 690). The issue of counsel fees must also be remanded to determine the relative ability of the parties to pay (see *Kaplan v Kaplan,* 78 AD2d 872). The issue of visitation was settled by stipulation of the parties during the pendency of the appeals and we therefore deem the appeal from so much of the order as fixed the husband's visitation rights to be withdrawn. Damiani, J. P., Lazer, Cohalan, and Bracken, JJ., concur.