■ RANDOLPH J. HILL, Appellant, v PEGGY M. HILL, Respondent.—Order, Supreme Court, New York County (Walter M. Schackman, J.), entered November 14, 1985, which, inter alia, directed plaintiff husband to pay defendant wife, pendente lite, $200 per week temporary maintenance, $125 per week child support, $3,000 as interim counsel fees, mortgage, maintenance, insurance, and utilities for the marital residence, nursery school tuition and "school-related expenses", unanimously modified, on the law and the facts, to reduce the temporary maintenance to $120 per week and the child support to $70 per week and to strike the award of nursery school tuition and school-related expenses, and otherwise affirmed, without costs.

Plaintiff husband is a young associate at a Manhattan law firm and earns $70,826 a year. Defendant wife is an unemployed part-time graduate student whose only income is $350 per month from stock holdings in her family's business. There is one issue of the marriage, a daughter, Katie, born April 29, 1983. The wife and daughter currently reside in the marital residence, a cooperative apartment in Manhattan with monthly maintenance and mortgage charges totaling $1,292. Since the marital discord developed some months ago, the husband has been forced to obtain housing accommodations elsewhere. The insurance payments ordered by the court below amount to approximately $100 monthly, and the utilities to approximately $150 monthly.

It is clear that the calculable payments for maintenance, support, and the marital residence alone total close to $3,000 per month, and in addition thereto the order directs payment of nursery school tuition in the annual amount of $5,000, as well as interim counsel fees. In comparison, the record indicates that the husband's take-home pay is approximately $3,500 per month and he owns no appreciable assets (other than his one-half interest in the marital residence). Accordingly, Special Term's interim award leaves the husband with virtually no money to live on or pay his own expenses.

In determining the amount of a temporary award, the court must arrive at an accommodation between the reasonable needs of the spouse making the application and the financial ability of the other spouse to provide for those needs. *(Chachkes v Chachkes,* 107 AD2d 786; *Stern v Stern,* 106 AD2d 631; *Van Ess v Van Ess,* 100 AD2d 848; *Colabella v Colabella,* 86 AD2d 643; *see,* Domestic Relations Law § 236 [B] [6] [a].) The award here at issue does not sufficiently take into account the reasonable needs of the husband *(Chachkes v Chachkes, supra; Colabella v Colabella, supra).*

Accordingly, we strike that portion of the award which directs that the husband pay future private nursery school tuition of the infant daughter. The now three-year-old daughter has been sent to a private nursery school, at an annual tuition of $5,000, since September 1985. Absent special circumstances, the furnishing of a private school education to a minor child is not regarded as a necessary expense for which a parent is obligated. *(Ternes v Ternes,* 58 AD2d 763; *Kaplan v Wallshein,* 57 AD2d 828.) No special or unusual circumstances have been shown here which would justify this expense. Since the daughter does not have a history of private school attendance or academic ability *(cf. Connolly v Connolly,* 83 AD2d 136), and, as discussed *supra,* the father lacks the financial ability to provide the necessary funds *(see, Baerger v Baerger,* 67 AD2d 636; *Kaplan v Wallshein, supra),* that part of the order which directs future payment of tuition and school-related expenses should be stricken. We have also reduced the award of temporary maintenance and child support in the amount indicated as more appropriate in the circumstances. Concur—Sullivan, J. P., Ross, Milonas, Kassal and Ellerin, JJ.