■ In the Matter of GERTRUDE FLANTER, Respondent, v ALFRED FLANTER, Appellant.—In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Auperin, J.), entered January 15, 1985, which, *inter alia,* directed him to increase child support payments for his daughter from $25 per week to $102 per week.

Order modified, on the facts, by decreasing the amount of

child support payable by the father for the parties' daughter from $102 per week to $60 per week. As so modified, order affirmed, without costs or disbursements.

The Family Court based its decision to increase the amount of child support payable by the father for support of his daughter on the fact that the father had exaggerated by $4,000 the amount he was expending for his son's support and educational expenses. However, the Family Court sustained a finding that the father expended $6,000 annually for the support and educational expenses of his son. Pursuant to the court's finding, the father is thus expending approximately $115 per week for his son's support. The uncontradicted evidence adduced at the hearing reveals that the father's net weekly income is approximately $391; he pays carrying charges on the former marital residence of approximately $144 per week; and he is paying $30 per week in alimony pursuant to a preexisting court order. The increase in support mandated by the order herein appealed, when considered together with the father's other support obligations and measured against his net income, exceeds his present financial capabilities. The father's need to maintain a separate household and have money to live on after support payments are made must be taken into account (see, e.g., Colabella v Colabella, 86 AD2d 643; Leigh v Leigh, 66 AD2d 735; Bruno v Bruno, 51 AD2d 862, lv denied 39 NY2d 706). An examination of the Family Court's decision indicates that the court did not properly balance the needs of the children against the father's current ability to pay. The courts are authorized to modify a support order where an assertion of inadequate child support is made upon a demonstration that a change of circumstances has occurred warranting an increase in the best interests of the child (see, Family Ct Act § 461; Matter of Brescia v Fitts, 56 NY2d 132, 141). The mother's present unemployment represents such a change of circumstances as to warrant an increase. However, a proper consideration of the father's available financial resources leads to the conclusion that the increase awarded by the Family Court is excessive to the extent indicated.

We further note that the prior court order directed the father to pay $25 per week for the support of his son. Apparently, the father voluntarily increased his level of support for his son in direct payments to him. The Family Court did not increase the amount which the father is mandated to pay. Therefore, no issue with respect thereto is before us on appeal. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.