■ JOEL PINCUS, Respondent, v HELEN PINCUS, Appellant.— In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Hyman, J. H. O.), dated November 9, 1987, as granted the plaintiff husband a divorce, awarded custody of the parties' infant children to the plaintiff, and granted the defendant visitation at the discretion of the children.

Ordered that the judgment is modified by (1) deleting the first decretal paragraph thereof, and substituting therefor a provision dismissing the plaintiff's cause of action for divorce, and (2) deleting the fourth decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed from,

without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing and new determination as to visitation.

Upon the trial of the parties' consolidated actions for divorce, proof was offered by each that he or she had been constructively abandoned by the other and a judgment of divorce was granted to each on that ground. While there can be no valid judgment of divorce on the ground of mutual abandonment since such a result is internally inconsistent *(Henderson v Henderson,* 63 AD2d 853, 854, *lv dismissed* 45 NY2d 713; Domestic Relations Law § 170 [2]), on appeal the plaintiff withdrew his cause of action for divorce and the defendant, during oral argument, specifically consented to the modification of the judgment of divorce accordingly.

We find substantial support in the record for the trial court's award of custody of both children to the plaintiff. We reject the defendant's claim that undue reliance was given to the court's in camera interviews with the children. Each child testified at length in open court and that testimony, together with the other evidence in the case, provided a sufficient basis for the court's finding that the best interests of the children would be served by the award of custody to the plaintiff. It was not error for the court to refuse to order psychiatric testing or to appoint Law Guardians for the children.

After the trial conducted on the issues of custody and visitation, the court granted custody of both children to the plaintiff and gave visitation to the defendant, "only at a place and time in the discretion of each individual child". The visitation provision is improper. This provision, we find, tends improperly to defeat the right of visitation *(see, Mahler v Mahler,* 72 AD2d 739; *Eylman v Eylman,* 23 AD2d 495, 496). We therefore remit this matter to Supreme Court for a hearing on the issue of visitation, after which regularly scheduled visits between the children and the defendant shall be fixed. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.