■ CAROLYN FRANCIS, Respondent, v WILLIAM FRANCIS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), entered February 9, 1988, as, after a nonjury trial, awarded the plaintiff wife child support in the sum of $65 per week for each of the two children of the marriage, declared the marital residence and the proceeds of a certain bank account marital property, distributed the proceeds of that bank account equally between the parties, granted the wife exclusive possession of the marital residence until such time as the children attain the age of 21 years or are sooner emancipated, and denied his application for credit for overpayment on a judgment for arrears. By decision and order of this court dated January 23, 1989, the appeal was held in abeyance, and the matter was remitted to the Supreme Court, Queens County, for compliance with the provisions of Domestic Relations Law § 236 (b) (5) (g); (7) (b) *(Francis v Francis,* 146 AD2d 669). The Supreme Court, Queens County, has now complied.

Ordered that the judgment is modified, on the law and the facts, by deleting the third and eleventh decretal paragraphs thereof, and by substituting therefor provisions directing the defendant to pay child support of $50 per week per child, and granting the defendant's application for a refund from the plaintiff of $1,328 representing the double payment upon a judgment for arrears; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

With respect to the child support determination, we find that the court improvidently exercised its discretion when it directed the defendant to pay $65 per week per child. In the circumstances at bar, where the combined monthly earnings of the parties fall short of their combined monthly expenses by approximately $1,000, it is not practical (see, Domestic Relations Law § 236 [B] [7] [a] [3]) to base the child support determination primarily upon a consideration of the children's prior standard of living. In reaching its determination, the court should have given greater weight to the postdivorce financial circumstances of the parties (see, Domestic Relations Law § 236 [B] [7] [a] [1]; accord, Matter of Flanter v Flanter, 123 AD2d 626; Colabella v Colabella, 86 AD2d 643).

Given the individual needs and circumstances of the parties presented in this case, we conclude that the court properly awarded exclusive possession of the marital premises to the plaintiff (see, Maher v Maher, 144 AD2d 343, 344). The plaintiff is the custodial parent of the two infant children who suffer from sickle cell anemia and the house has been air conditioned to help alleviate their symptoms.

We find that the court did not properly credit the defendant for his overpayment of a judgment for arrears. Having initially found that there had been a double payment by the defendant, the court's subsequent denial of the defendant's application for a refund was an improvident exercise of discretion.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.