█ ELIZABETH MAIDMAN, Respondent, v GREGORY MAIDMAN, Appellant. [919 NYS2d 25]—

Plaintiff wife earns approximately $36,000 per year working as an unlicensed optometrist three days per week. In addition, she previously also earned a consulting income of approximately $20,000, which income she did not anticipate earning in the future. Defendant husband is an attorney with significant experience in the real estate industry who recently started his own law practice after leaving a lucrative position with a family-owned business where he earned approximately $400,000 per year. The husband currently earns $36,000 per year in income from partnerships and/or royalties and an undisclosed amount from his private practice, which is in its infancy.

While the record, which includes the affidavit of the husband's psychiatrist, supports a finding that the husband's decision to leave his position was involuntary (*see Morris v Schroder Capital Mgt. Intl.*, 7 NY3d 616 [2006]), we find that the court did not improvidently exercise its discretion in imputing more than $300,000 per year in income to the husband, given his experience and qualifications, his admitted earnings of $36,000 per year, his unknown earnings from his practice, the value of services provided to him in the form of an apartment and office, and the unknown value of his partnership interests (*see* Domestic Relations Law § 240 [1-b] [b] [5]; Family Ct Act § 413 [1] [a]; *Matter of Culhane v Holt*, 28 AD3d 251 [2006]; *K. v B.*, 13 AD3d 12 [2004], *lv denied* 4 NY3d 878 [2005]).

However, we find that the interim award, pursuant to which the husband's monthly obligations total almost $25,000, imposes too great a financial burden on the husband and we adjust it so as to better accommodate between the reasonable needs of the husband and the financial means of the wife (*see* Domestic Relations Law § 236 [B] [6]; *Lasry v Lasry*, 180 AD2d 488 [1992]; *Hill v Hill*, 121 AD2d 270 [1986]). Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.