■ JAMES A. GLASBURGH, an Infant, by His Parent and Natural Guardian, SUSAN GLASBURGH, et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Defendant, and OTIS ELEVATOR COMPANY, Sued Herein as OTIS ELEVATOR CORP., Appellant. OTIS ELEVATOR COMPANY, Third-Party Plaintiff-Appellant, v SPARTAN SECURITY SERVICE, INC., Third-Party Defendant, and ALLIED MAINTENANCE CORP., Third-Party Defendant-Respondent. OTIS ELEVATOR COMPANY, Second Third-Party Plaintiff-Appellant, v McROBERTS PROTECTIVE AGENCY, INC., Second Third-Party Defendant-Respondent. [597 NYS2d 327] —Order, Supreme Court, New York County (William J. Davis, J.), entered on or about April 9, 1992, imposing disclosure sanctions on third-party plaintiff-appellant to the extent of precluding it from producing certain documents in evidence and from giving any evidence at trial concerning any matter that certain witnesses could have testified to, unanimously affirmed, with costs. Order, same court, entered July 28, 1992, unanimously affirmed, insofar as it denied appellant's motion for leave to renew, and, insofar as it denied leave to reargue, the appeal therefrom is unanimously dismissed, with costs.

The willful and contumacious character of appellant's failure to disclose can be inferred from its year-long noncompliance with three separate court orders directing depositions and document production, coupled with inadequate excuses for these defaults *(Mills v Ducille,* 170 AD2d 657, 658; *see also, Wolfson v Nassau County Med. Ctr.,* 141 AD2d 815). Appellant's motion to renew was properly denied, the only "new evidence" offered in support thereof being a deposition transcript that was available at the time of the original motion *(Gulledge v Adams,* 108 AD2d 950, 950-951). We read the order appealed from as simply precluding any testimony from the named witnesses and the offer in evidence of documents

which were required to be produced. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Nardelli, JJ.