■ MUSTAFA SERDAROGLU, Appellant, v SANDRA SERDAROGLU, Respondent. (Action No. 1.) SILVIO POLLERO et al., Plaintiffs, v MUSTAFA SERDAROGLU, Appellant, et al., Defendants. (Action No. 2.) SILVIO POLLERO et al., Plaintiffs, v MUSTAFA SERDAROGLU, et al., Appellants, and SANDRA SERDAROGLU, Respondent. (Action No. 3.) [622 NYS2d 51] —In an action for a divorce and ancillary relief (Action No. 1) and in related actions by the parents of the defendant in Action No. 1, *inter alia,* to enforce alleged oral subscription agreements and to compel the issuance to them of shares of stock in Serdar Service Station, Inc. (Action No. 2) and Boulevard Management, Inc. (Action No. 3), Mustafa Serdaroglu, the plaintiff in Action No. 1 and a defendant in Actions Nos. 2 and 3, appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 17, 1991, as granted Sandra Serdaroglu's motion in Action No. 1 for an order staying him from selling or otherwise disposing of the lease for a gasoline service station located in Flushing, New York; (2) as limited by his brief, from so much of an order of the same court dated December 16, 1991, as granted Sandra Serdaroglu's motion to preclude him from offering evidence or testimony with regard to financial information which she had sought in her notice for discovery and inspection in Action No. 1; (3) from an order of the same court dated November 30, 1992, which appointed a Referee to supervise disclosure in Action No. 1; and (4) from an order of the same court dated December 7, 1992, which, *inter alia,* denied his motion, among other things, for a protective order. Turgay Kadioglu, Irem Kadioglu, and Boulevard Management, Inc., defendants in Action No. 3, and Mustafa Serdaroglu appeal from an order of the same court, entered July 15, 1992, which granted the motion of Sandra Serdaroglu to appoint a temporary receiver for the gasoline service stations located in Flushing, New York, and East Elmhurst, New York.

Ordered that the order dated October 17, 1991, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated December 16, 1991, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated November 30, 1992, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated December 7, 1992, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order entered July 15, 1992, is reversed, as a matter of discretion, without costs or disbursements, and the motion to appoint a temporary receiver is denied.

The Supreme Court did not err in restraining Mustafa Serdaroglu (hereinafter Mustafa) from selling the lease to the service station located on Parsons Boulevard in Flushing, New York. Mustafa retains exclusive control over the lease to that service station, and "his unilateral decision to transfer, sell or otherwise encumber [it] may serve to deprive the [defendant] of her equitable share of it" *(Frankel v Frankel,* 150 AD2d 520).

In addition, the Supreme Court did not err in precluding Mustafa from offering evidence or testimony with regard to the financial information sought by Sandra Serdaroglu (hereinafter Sandra) in her notice for discovery and inspection. While Sandra failed to provide Mustafa with 20 days notice to produce the demanded documents, as required by CPLR 3120 (a) (2), Mustafa waived the defect when he agreed to provide inspection of the demanded documents without complaining that the notice was defective and when he failed to raise the issue in opposition to Sandra's motion *(see, e.g., Byrne v Fordham Univ.,* 118 AD2d 525). It is well settled that "[t]he nature and the degree of the penalty to be imposed pursuant to CPLR 3126 is a matter lying soundly within the discretion of the court to which the application has been made *(Associated Mut. Ins. Co. v Dyland Tavern,* 105 AD2d 892, 893). In view of Mustafa's continuous, willful failure to comply with the compulsory financial disclosure requirements of Domestic Relations Law § 236 (B) (4), the Supreme Court did not improvidently exercise its discretion in precluding him from offering evidence at trial with regard to his finances *(Kandel v Kandel,* 129 AD2d 617).

With respect to the Supreme Court's order appointing a Referee to supervise disclosure in Action No. 1, the appeal is academic. All relevant discovery has been completed, and the parties concede that there is no further need for a Referee.

It was error for the Supreme Court to appoint a receiver for the gasoline service stations. It is well settled that the appointment of a temporary receiver in a matrimonial action is an extreme remedy which should not be granted lightly (*Adinolfi v Adinolfi*, 168 AD2d 401, 402; *Hildenbiddle v Hildenbiddle*, 110 AD2d 819). Here, Sandra failed to satisfy the requirements of CPLR 6401 (a) and establish, by clear and convincing evidence, that there is a danger of irreparable loss or material injury to the stations or their assets (*see, McBrien v Murphy*, 156 AD2d 140). Her conclusory allegations that Mustafa was secreting profits from the stations were insufficient to warrant the appointment of a receiver (*see, Modern Collection Assocs. v Capital Group*, 140 AD2d 594). Bracken, J. P., Copertino, Joy and Altman, JJ., concur.