■ SUSAN POLLACK, Also Known as SUSAN VON OHLEN, Appellant, v MARVIN POLLACK, Respondent. [690 NYS2d 271] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (Winick, J.), dated September 9, 1996, as denied those branches of her motion which were to extend for three years an order of protection of the same court (Adams, J.), dated September 15, 1995, and to recover medical expenses, (2) an order of the same court, dated January 6, 1997, as, upon renewal, adhered to its prior determination, (3) an order of the same court dated February 21, 1997, and (4) an order of the same court, dated March 13, 1997, as, upon reargument, adhered to its prior determination in the order dated September 9, 1996.

Ordered that the appeals from the orders dated September 9, 1996, and January 6, 1997, are dismissed, without costs or disbursements, as those orders were superseded by the order dated March 13, 1997, made upon reargument; and it is further,

Ordered that the appeal from the order dated February 21, 1997, is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated March 13, 1997, as adhered to the denial of that branch of the prior motion which was to extend the September 15, 1995, order of protection is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated March 13, 1997, is affirmed insofar as reviewed, without costs or disbursements.

The order of protection which the appellant sought to extend

expired on September 15, 1998. A decision regarding the propriety of the denial of an application to extend that order will not, at this juncture, directly affect the rights and interests of the parties. Therefore, the appeal from so much of the order as adhered to the denial of that branch of the plaintiff's motion is dismissed as academic (*see, Matter of Greene v Greene,* 216 AD2d 393; *Matter of Gansburg v Gansburg,* 127 AD2d 766).

Under the circumstances of this case, we find that the Supreme Court did not improvidently exercise its discretion in denying the branch of the appellant's motion which was to recover medical expenses (*see,* Family Ct Act § 842 [h]). O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.