■ GALINA GOROKHOVA, Appellant, et al., Plaintiff, v FRANK J. BELULOVICH, Respondent. [699 NYS2d 314] —In an action to recover damages for personal injuries, the plaintiff Galina Gorokhova appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 4, 1998, as, upon denying her cross motion to vacate an order of the same court (Rappaport, J.), dated March 12, 1998, conditionally precluding her from testifying at trial unless she appeared for an examination before trial before May 12, 1998, precluded her from testifying at trial.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, the cross motion is granted, and the order dated March 12, 1998, is vacated on condition that the appellant pay $500 to Tutoki & Goldstick, the at-

torneys for the defendant, and submit to an examination before trial; and it is further,

Ordered that the appellant's time to comply with the above-stated condition is extended until 30 days after service upon her of a copy of this decision and order with notice of entry; and it is further,

Ordered that in the event that the conditions are not complied with, the order is affirmed insofar as appealed from, with costs to the respondent.

The Supreme Court improvidently exercised its discretion in declining to vacate the appellant's default in complying with the conditional order of preclusion since she proffered a reasonable excuse for that default (*see,* CPLR 2005) and a meritorious claim (*see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). The extreme penalty of preclusion for failure to comply with an order of disclosure is warranted only when the failure has been willful or contumacious (*see, Maillard v Maillard,* 243 AD2d 448; *Brady v County of Nassau,* 234 AD2d 408; CPLR 3126). The appellant did not willfully disobey an order of disclosure, and the appropriate sanction in this case is to permit the appellant one final opportunity to comply with the discovery order on the condition we have set forth. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.