■ JOHN EHLER, Respondent, v NEW YORK CONGREGATIONAL NURSING CENTER et al., Defendants and Third-Party Plaintiffs-Respondents, and STRESCON INDUSTRIES, INC., Appellant. J. UNITED ELECTRICAL CONTRACTING CORP. et al., Third-Party Defendants-Respondents. [743 NYS2d 875] —In an action to recover damages for personal injuries, the defendant Strescon Industries, Inc., appeals (1), by permission, from an order of the Supreme Court, Kings County (Mason, J.), dated November 8, 2001, which, sua sponte, precluded it from presenting evidence or documents at the trial for failure to comply with court ordered disclosure; and (2) from an order of the same court, dated January 28, 2002, which denied its motion to vacate the order dated November 8, 2001.

Ordered that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the contention of the appellant Strescon Indus-

tries, Inc. (hereinafter Strescon), the Supreme Court providently exercised its discretion in precluding it from presenting evidence or documents at the trial for failure to comply with court ordered disclosure (*see* CPLR 3126; *cf. Brown v United Christian Evangelistic Assn.,* 270 AD2d 378).

In support of its motion to vacate the order of preclusion, Strescon failed to demonstrate both a reasonable excuse for its failure to timely comply with court ordered disclosure and a meritorious defense (*see Alphonse v. UBJ Inc.,* 266 AD2d 171; *cf. Gorokhova v Belulovich,* 267 AD2d 202, 203). Thus, the Supreme Court providently exercised its discretion in denying such relief (*see* CPLR 3126; *cf. Brown v United Christian Evangelistic Assn., supra*). Ritter, J.P., Altman, Adams and Crane, JJ., concur.