■ Precise Court Reporting, Inc., et al., Appellants, v Mark Karten, Respondent. (Action No. 1.) Florence E. Seff et al., Appellants, v Meltzer Lippe Goldstein & Schlissel, P.C., et al., Respondents. (Action No. 2.) [775 NYS2d 339]—

In two related actions, inter alia, to recover damages for breach of fiduciary duties and defamation, the plaintiffs appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Nassau County (DeMaro, J.), entered December 16, 2002, which, among other things, upon granting that branch of their motion which was to vacate an order of the same court entered June 18, 2002, dismissing the complaints, precluded the plaintiffs from introducing certain evidence at trial, and denied those branches of their motion which were to vacate or modify an order of the same court dated May 22, 2002, imposing a sanction against their counsel, and (2) so much of an order of the same court dated February 28, 2003, as granted, in part, the motion of Meltzer Lippe Goldstein & Schlissel, P.C., a defendant in Action No. 2, to stay the proceedings pending the hearing and determination of the appeal from the order entered December 16, 2002, and denied those branches of their cross motion which were to declare that the defendants waived their right to depose them or waived their right of priority to depose them, to direct the defendants to appear for depositions on dates certain, and to strike the defendants' answers in the event of their noncompliance.

Ordered that the appeal from so much of the order entered December 16, 2002, as denied those branches of the appellants' motion which were to vacate or modify the order dated May 22, 2002, imposing a sanction against the appellants' counsel is dismissed, as the appellants are not aggrieved by that portion of the order (*see Scopelliti v Town of New Castle,* 92 NY2d 944 [1998]); and it is further,

Ordered that the appeal from so much of the order dated February 28, 2003, as granted the motion of the defendant Meltzer Lippe Goldstein & Schlissel, P.C., for a stay of the proceedings is dismissed as academic; and it is further,

Ordered that the order entered December 16, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 28, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs; and it is further,

Ordered that on the Court's own motion, counsel for the parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs if any, against the appellants and/or their counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by

each filing an affirmation or affidavit on that issue in the office of the clerk of this Court and serving one copy of the same on each other on or before May 6, 2004; and it is further,

Ordered that the clerk of the Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

This decision and order, inter alia, determines the plaintiffs' appeal from an order of the Supreme Court, Nassau County, entered December 16, 2002. Therefore, the appeal from so much of the order dated February 28, 2003, as granted the motion of the defendant law firm Meltzer Lippe Goldstein & Schlissel, P.C. (hereinafter Meltzer Lippe), for a stay of the proceedings pending the determination of the appeal from the order entered December 16, 2002, has been rendered academic.

The plaintiffs commenced two related actions against the defendants, alleging, inter alia, that the defendant Mark Karten, a former employee of the plaintiff court reporting firm, Precise Court Reporting, Inc., made defamatory statements about the plaintiffs, and that Meltzer Lippe breached its fiduciary duty to them, the firm's former clients. After a prolonged series of disputes over discovery issues, the defendants moved to dismiss the complaints, arguing, inter alia, that the plaintiffs failed to provide them with certain critical disclosure. By order dated February 25, 2002, the Supreme Court denied the defendants' motion, but directed the plaintiffs to submit supplemental bills of particulars in response to certain requests the defendants had made. By order entered June 18, 2002, upon determining that the plaintiffs had not adequately responded to the defendants' discovery requests or submitted the required particulars, the Supreme Court dismissed the complaints. In August 2002 the plaintiffs served a supplemental bill of particulars, and moved to vacate the order dismissing the complaints. In December 2002 the Supreme Court granted the plaintiffs' motion to vacate the order of dismissal, but precluded them from introducing evidence at the trial relating to the court-ordered particulars they failed to provide, even in their August 2002 supplemental bill of particulars.

In view of the plaintiffs' failure to comply with the February 25, 2002, order for several months, their continued failure to furnish certain particulars required by the order even in their purported supplemental bill of particulars served after the dismissal of their complaints, and their failure to proffer any reasonable excuse for their default, the Supreme Court providently exercised its discretion in precluding them from introducing evidence at the trial concerning the subject matter of the

particulars they failed to provide (*see* CPLR 3042 [d]; 3126; *Kihl v Pfeffer,* 94 NY2d 118, 122-123 [1999]; *Fitterer v Riedlinger's Towing Serv.,* 271 AD2d 403 [2000]; *Vatel v City of New York,* 208 AD2d 524 [1994]; *Glasburgh v Port Auth. of N.Y. & N.J.,* 193 AD2d 441 [1993]; *Wolfson v Nassau County Med. Ctr.,* 141 AD2d 815 [1988]).

The Supreme Court also providently exercised its discretion in determining that the defendants' attorneys did not make "material factual statements that [were] false" at the conference which resulted in the dismissal of the complaints (22 NYCRR 130-1.1 [c] [3]), and in declining to impose sanctions against the defendants (*see* 22 NYCRR 130-1.1 [a]; *Pollack v Pollack,* 260 AD2d 562, 563 [1999]).

The plaintiffs' remaining contentions are without merit.

Pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1 (a), the court may impose financial sanctions upon a party or an attorney who engages in "frivolous conduct." The plaintiffs have advanced arguments that appear to be "completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" and their conduct throughout this litigation appears to have been intended primarily to harass the defendants (22 NYCRR 130-1.1 [c] [1], [2]). Accordingly, we direct the parties to submit affidavits on the issue of why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the appellants and/or their counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate. S. Miller, J.P., Luciano, Adams and Cozier, JJ., concur.