■ MATTHIEU MACENO, Appellant, v FRANKLIN HOSPITAL MEDICAL CENTER et al., Respondents, et al., Defendants. [790 NYS2d 148]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated November 13, 2003, as granted the motion of the defendants Franklin Hospital Medical Center and Doctrates G. Demeterio to vacate the note of issue and certificate of readiness, and granted the separate motion of the defendant Brookdale University Hospital and Medical Center, inter alia, to dismiss the complaint insofar as asserted against it pursuant to CPLR 3216 to the extent of precluding the plaintiff from conducting examinations before trial of the defendants Franklin Hospital Medical Center and Jeffrey Shapiro.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting the motion of the defendant Brookdale University Hospital and Medical Center to the extent of precluding the plaintiff from conducting an examination before trial of the defendant Jeffrey Shapiro and substituting therefor a provision denying that branch of that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently granted the motion to vacate the note of issue and certificate of readiness (see 22 NYCRR 202.21 [e]). The plaintiff conceded in the certificate of readiness that the case was not ready for trial.

The Supreme Court providently imposed the sanction of preclusion with respect to the examination before trial of the defendant Franklin Hospital Medical Center (see CPLR 3126; cf. Precise Ct. Reporting v Karten, 6 AD3d 412 [2004]). However, the record does not demonstrate that the plaintiff willfully and contumaciously obstructed the progress of disclosure with regard to the examination before trial of the defendant Jeffrey Shapiro (see Santigate v Linsalata, 304 AD2d 639, 641 [2003]; Gorokhova v Belulovich, 267 AD2d 202, 203 [1999]). Therefore, the order is modified accordingly. Cozier, J.P., S. Miller, Smith, and Fisher, JJ., concur.