■ MAHOPAC OPHTHALMOLOGY, P.C., Appellant, v SANDRA TARASEVICH, Respondent. [799 NYS2d 568]—

In an action, inter alia, to recover damages for unfair competition, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (LaCava, J.), entered September 3, 2003, which, upon granting the plaintiff's request to extend its time to comply with a prior order of disclosure of the same court dated July 22, 2003, granted the defendant's request, in effect, pursuant to CPLR 3126 for a conditional order of preclusion by providing that if the plaintiff failed to comply with the new disclosure deadline without good cause, the complaint would be dismissed, and (2) an order of the same court entered September 26, 2003, which dismissed the complaint with preju-

dice based upon the plaintiff's failure to comply, with the order entered September 3, 2005.

Ordered that on the court's own motion, the notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order entered September 3, 2003, is reversed, on the law and as a matter of discretion, and the order entered September 26, 2003, is vacated; and it is further,

Ordered that the appeal from the order entered September 26, 2003, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In an order dated July 22, 2003, the Supreme Court, inter alia, granted the defendant's motion to compel certain disclosure and directed that the plaintiff comply by August 13, 2003. By letter dated August 29, 2003, the plaintiff requested that the deadline be extended until September 23, 2003.

By order entered September 3, 2003, based upon, inter alia, the plaintiff's letter dated August 29, 2003, and a letter from the defendant dated September 2, 2003, the Supreme Court granted the plaintiff's request for an extension of time to comply with the order dated July 22, 2003, and granted the defendant's request, in effect, pursuant to CPLR 3126 for a conditional order of preclusion by providing that if the plaintiff failed to comply with the new disclosure deadline without good cause, the complaint would be dismissed. However, the Supreme Court did not provide the plaintiff with an opportunity to be heard before issuing the conditional order of preclusion. After the plaintiff failed to timely provide the court-ordered discovery by the extension date set forth in the order entered September 3, 2003, the Supreme Court issued an order entered September 26, 2003, dismissing the complaint with prejudice.

Generally, the nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court (*see* CPLR 3126; *Kihl v Pfeffer,* 94 NY2d 118 [1999]; *Jaffe v Hubbard,* 299 AD2d 395, 396 [2002]). Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed (*see Jaffe v Hubbard, supra* at 396; *Miller v Duffy,* 126 AD2d 527, 528 [1987]).

The Supreme Court improvidently exercised its discretion in granting the defendant's request for a conditional order of preclusion since the plaintiff did not have an opportunity to oppose the request before the Supreme Court granted it. In light

of our determination that the Supreme Court erred in granting the conditional order of preclusion, the order entered September 26, 2003, dismissing the complaint with prejudice upon the plaintiff's failure to timely provide court-ordered discovery must be vacated. Cozier, J.P., Luciano, Crane and Skelos, JJ., concur.