■ CONRAD GREEN, Respondent, v LOUISE GREEN, Appellant. (Action No. 1.) CONRAD GREEN, Respondent, v LOUISE GREEN, Also Known as LOUISE HAYE, et al., Appellants. (Action No. 2.) [821 NYS2d 243]—

In related actions, inter alia, to recover damages for fraud and breach of contract, for an accounting, and to impose a constructive trust, (1) Louise Green, also known as Louise Haye, the defendant in action No. 1 and a defendant in action No. 2, Marlene Haye, a defendant in action No. 2, and Andrea Haye, also known as Andrea Haye Whyte, a defendant in action No. 2, separately appeal from a judgment of the Supreme Court, Queens County (Thomas, J.), dated August 7, 2004, which, after an inquest, and upon a decision of the same court dated July 6, 2004, among other things, determined that "a joint venture exists between Conrad Green and Louise Haye for the purpose of acquiring, renovating and leasing residential property" in which the plaintiff, Conrad Green, had a 50% interest, determined that certain properties were owned by the joint venture, imposed a constructive trust in favor of the plaintiff on the properties owned by the joint venture, directed the transfer of certain properties to the joint venture, and is in favor of the plaintiff and against the defendant Louise Haye in the principal sum of $2,174,558.50, and (2) the defendant Marlene Haye appeals from an order of the same court dated December 17, 2004, which denied her motion to vacate the judgment, dated August 7, 2004, against her.

Ordered that the judgment is modified, on the law, (1) by deleting the provisions of the third decretal paragraph thereof

which determined that 69-57 Bayfield Avenue, Arverne, New York, 15-12 Eastern Parkway, Brooklyn, New York, and 531 Beach 66 Street, Far Rockaway, New York, were owned by the joint venture, and (2) by deleting the seventh, ninth, and thirteenth decretal paragraphs thereof; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new inquest on the issue of damages and for the entry of an appropriate amended judgment; and it is further,

Ordered that the appeal from the order dated December 17, 2004 is dismissed as academic, without costs or disbursements.

Contrary to the plaintiff's contention, on this appeal from a final judgment, the defendants may challenge the propriety of prior orders of the Supreme Court, Queens County, dated June 12, 1996 and December 17, 2003, which granted those branches of the plaintiff's respective motions which were pursuant to CPLR 3126 to preclude the defendants from offering evidence at trial based on their failure to provide court-ordered disclosure. The appeal from the judgment brings up for review any intermediate order which necessarily affects the final judgment (*see* CPLR 5501 [a] [1]; *Matter of Aho*, 39 NY2d 241, 248 [1976]; *Worden v Enser*, 268 AD2d 582, 583 [2000]).

"Generally, the nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court" (*Mahopac Ophthalmology, P.C. v Tarasevich*, 21 AD3d 351, 352 [2005]; *see* CPLR 3126). Here, the defendants engaged in a pattern of conduct over a period of time which evidenced an intent to willfully and contumaciously obstruct and delay the progress of disclosure. Moreover, the defendants failed to proffer any reasonable excuse for their default in complying with the court's discovery orders. Accordingly, under the circumstances, the remedy of preclusion was warranted (*see Precise Ct. Reporting v Karten*, 6 AD3d 412, 414-415 [2004]).

The Supreme Court's determination that the plaintiff and the defendant Louise Green, also known as Louise Haye, were engaged in a joint venture and the imposition of a constructive trust in favor of the plaintiff is supported by the record (*see Washington v Defense*, 149 AD2d 697, 698-699 [1989]; *Ackerman v Landes*, 112 AD2d 1081, 1082 [1985]).

The Supreme Court improperly determined that three properties, to wit, 69-57 Bayfield Avenue, Arverne, New York, 15-12 Eastern Parkway, Brooklyn, New York, and 531 Beach 66 Street, Far Rockaway, New York, were owned by the joint venture.

These properties were the subject of a part of a cause of action which was dismissed by order of the Supreme Court, Queens County (Milano, J.), dated March 7, 1996, granting the defendants' motion for partial summary judgment regarding those properties. The plaintiff did not appeal from that order. At an inquest a court may not permit a plaintiff to reinstate or add new claims which would broaden the scope of the inquest and increase the damages provable by the plaintiff (*see P & K Marble v Pearce*, 168 AD2d 439, 440 [1990]).

Finally, we note that the plaintiff conceded at the inquest that the defendant Louise Green, also known as Louise Haye, was entitled to "one half" ownership of the property located at 1441 Gibson Street, Far Rockaway, which was in the plaintiff's name and which the plaintiff conceded was part of the joint venture. At the new inquest, the Supreme Court should take this property into account.

The appellants' remaining contentions are without merit. Crane, J.P., Goldstein, Rivera and Lifson, JJ., concur.