■ MARGARET CASEY, Respondent, v JOHN PATRICK CASEY, Appellant. [835 NYS2d 277]—

In an action for a divorce and ancillary relief, the defendant appeals (1) from a decision of the Supreme Court, Nassau County (Falanga, J.), dated August 16, 2005, and (2), as limited by his brief, from so much of a judgment of the same court entered September 29, 2005, as, upon an order of the same court dated November 4, 2004, inter alia, striking his answer pursuant to CPLR 3126 as a sanction for his failure to comply with disclosure orders, after an inquest, and upon the decision, among other things, directed the equitable distribution of certain marital assets to the plaintiff.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, with costs.

There is no merit to the defendant's contention that the Supreme Court lacked jurisdiction over the action because the plaintiff allegedly failed to meet the durational residency requirements mandated by Domestic Relations Law § 230.

Moreover, the defendant waived the defense by failing to raise it and by participating in the litigation of the action (*see* CPLR 3211 [e]; *Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 720 [1997]; *Matter of Government Empls. Ins. Co. v Shlomy*, 305 AD2d 504, 506-507 [2003]; *Yihye v Blumenberg*, 260 AD2d 371, 371-372 [1999]; *Rose Ocko Found. v Lebovits*, 259 AD2d 685, 690 [1999]; *Matter of Springs v Springs*, 234 AD2d 552 [1996]; *Rubino v City of New York*, 145 AD2d 285, 288 [1989]). In any event, the residency requirements mandated by Domestic Relations Law § 230 do not provide a basis for acquiring personal jurisdiction over a party or subject matter jurisdiction over a cause of action (*see Lacks v Lacks*, 41 NY2d 71, 73 [1976]; *Lipski v Lipski*, 293 AD2d 344 [2002]; *Unanue v Unanue*, 141 AD2d 31, 34 [1988]; *see also* Scheinkman, Practice Commentaries, McKinneys Cons Laws of NY, Book 14, Domestic Relations Law C230:1, at 26-28).

In addition, the Supreme Court providently struck the defendant's answer. The drastic remedy of striking an answer requires a showing that a defendant's failure to comply with a disclosure order was the result of willful and contumacious conduct (*see* CPLR 3126; *Bates v Baez*, 299 AD2d 382 [2002]). The willful and contumacious character of a party's conduct can be inferred from the repeated failures to comply with court-ordered discovery, coupled with inadequate explanations for these defaults (*see Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]; *Bates v Baez, supra; Patterson v Greater N.Y. Corp. of Seventh Day Adventists*, 284 AD2d 382, 383 [2001]). Further, " 'the nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court' " (*Green v Green*, 32 AD3d 898, 899 [2006], quoting *Mahopac Ophthalmology, P.C. v Tarasevich*, 21 AD3d 351, 352 [2005]; *see* CPLR 3126). Here, the defendant engaged in a pattern of conduct over a period of time which evidenced an intent to willfully and contumaciously obstruct and delay the progress of disclosure. Moreover, he failed to proffer any reasonable excuse for his default in complying with the court's discovery orders. Accordingly, under the circumstances, the striking of the defendant's answer and the preclusion of the defendant from presenting evidence or testimony at trial relating to financial issues was a provident exercise of the Supreme Court's discretion (*see Precise Ct. Reporting v Karten*, 6 AD3d 412, 414-415 [2004]).

The defendant's remaining contention is without merit (*see Solomon v Solomon*, 276 AD2d 547, 548 [2000]; *Maharam v Maharam*, 245 AD2d 94, 94-95 [1997]; *Goldberg v Goldberg*,

172 AD2d 316, 316-317 [1991]). Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.