■ In the Matter of GRAZYNA CZABAN, Appellant, v WLADYSLAW CZABAN, Respondent. (Proceeding No. 1.) In the Matter of

GRAZYNA CZABAN, Appellant, v WLADYSLAW CZABAN, Respondent. (Proceeding No. 2.) [843 NYS2d 521]—In two related family offense proceedings pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Nassau County (Kase, J.), dated May 30, 2006, which, without a hearing, denied the petitions and dismissed the proceedings with prejudice.

Ordered that the appeal from so much of the order as denied the petition in proceeding No. 2 and dismissed that proceeding is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and in the exercise of discretion, the petition in proceeding No. 1 is reinstated, and the matter is remitted to the Family Court, Nassau County, for a new hearing on that petition and a new determination thereafter.

An order of protection dated December 18, 2001, which the wife sought to extend, expired by its own terms on October 19, 2003. The wife waited until October 16, 2003 to commence proceeding No. 2, in which she sought to modify the order of protection by extending its effective dates. By the time the Family Court issued a summons in that proceeding, the order of protection had expired. As a result, the appeal from so much of the order as denied the wife's petition in proceeding No. 2 must be dismissed as academic (*see Matter of Prehna v Prehna,* 24 AD3d 917 [2005]; *Pollack v Pollack,* 260 AD2d 562, 563 [1999]). Nevertheless, since the Family Court was authorized to issue a new order of protection upon finding that the husband had wilfully violated the initial order of protection (*see* Family Ct Act § 846-a; *Matter of Spillman v Spillman,* 40 AD3d 770 [2007]), the Family Court erred in concluding that no remedy was available for the alleged violation. Thus, it should have afforded the petitioner the opportunity to be heard with respect to her claim that the initial order of protection had been violated (*cf. Matter of Alfeo v Alfeo,* 306 AD2d 471 [2003]). Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.