■ THOMAS DUNCAN et al., Respondents, v CAROLE A. HEBB, Appellant. [850 NYS2d 610]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan J.), dated September 28, 2006, which granted the plaintiffs' motion to strike her answer, and for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

"Generally, the nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-Ordered discovery is a matter within the discretion of the court" (*Green v Green*, 32 AD3d 898, 899 [2006] [internal quotation marks omitted]). A determination to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR should not be disturbed absent an improvident exercise of discretion (*see Green v Green*, 32 AD3d 898 [2006]; *Jaffe v Hubbard*, 299 AD2d 395, 396 [2002]). Striking a defendant's answer is a "drastic remedy," which is "inappropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious" (*Brandes v North Shore Univ. Hosp.*, 22 AD3d 778, 778 [internal quotation marks and citations omitted]; *see Simpson v City of New York*, 10 AD3d 601, 602 [2004]). Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, "coupled with inadequate explanations for the failures to comply" (*Devito v J & J Towing, Inc.*, 17 AD3d 624, 625 [2005]; *see Torres v Martinez*, 250 AD2d 759 [1998]).

Here, the only explanation offered by the defendant for her repeated failure to comply with the so-ordered preliminary conference stipulation to appear for depositions was that her at-

torneys were "unable to contact" her. Accordingly, the court properly inferred that the defendant's conduct was willful and contumacious, and providently exercised its discretion in granting that part of the plaintiffs' motion which was to strike the defendant's answer.

There is no merit to the defendant's contention that the court erred in granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability. The plaintiffs established their prima facie entitlement to summary judgment on the issue of liability by submitting deposition testimony that the plaintiffs' vehicle was stopped at a red light when it was rear-ended by the defendant's car. In opposition, the defendant offered no evidence to raise a triable issue of fact (*see Nieves v JHH Transp., LLC*, 40 AD3d 1060 [2007]; *Carhuayano v J&R Hacking*, 28 AD3d 413, 414 [2006]; *Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]). Skelos, J.P., Santucci, Lifson and Carni, JJ., concur.