■ ANGEL NICOLE REDMOND, Appellant, v JAMAICA HOSPITAL MEDICAL CENTER, Defendant, and KENNETH FRETWELL et al., Respondents. [878 NYS2d 624]—In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered September 16, 2008, which denied her motion to vacate an order of the same court dated April 10, 2008, sua sponte, precluding her from conducting examinations before trial of the defendants Kenneth Fretwell and Jeffrey Chan pursuant to CPLR 3126.

Ordered that the order entered September 16, 2008 is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the motion to vacate the order dated April 10, 2008, is granted.

The record does not demonstrate that the plaintiff's counsel willfully and contumaciously obstructed the progress of disclosure with respect to the examinations before trial of the defendants Kenneth Fretwell and Jeffrey Chan (hereinafter the defendant doctors) (*see Maceno v Franklin Hosp. Med. Ctr.*, 14 AD3d 663, 664 [2005]; *Santigate v Linsalata*, 304 AD2d 639, 641 [2003]; *Gorokhova v Belulovich*, 267 AD2d 202, 203 [1999]). Accordingly, the Supreme Court improvidently exercised its discretion in, sua sponte, imposing the sanction of preclusion with respect to the examination before trial of the defendant doctors (*see* CPLR 3126; *cf. Mahopac Ophthalmology, P.C. v Tarasevich*, 21 AD3d 351, 352 [2005]), and in denying the plaintiff's motion to vacate the order imposing that sanction. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.