■ Efraim Shurka, Appellant, v Jane Shurka, Respondent. [891 NYS2d 37]—

The award of temporary maintenance is amply supported by the evidence demonstrating defendant's financial need, the parties' income and assets, and their previous standard of living

(see *Ritter v Ritter*, 135 AD2d 421, 422 [1987]). The undisputed evidence that the parties enjoyed a lavish marital lifestyle, as well as the evidence that substantial personal expenses were paid by the family-controlled business, supports the court's conclusion that plaintiff's actual income and financial resources were substantially greater than he reported in tax returns and financial statements (see *Wildenstein v Wildenstein*, 251 AD2d 189 [1998]; *Jose R.D. v Elisabeth R.D.*, 197 AD2d 457 [1993]). The amount awarded is substantially less than defendant requested, and corresponds with the amount plaintiff paid voluntarily for several months following the separation, before threatening to cut off all support. Plaintiff shows no exigency which would warrant departure from the general rule that an aggrieved party's remedy for perceived inequities in a pendente lite award is a speedy trial (see *Sumner v Sumner*, 289 AD2d 129 [2001]).

Whether or not plaintiff stipulated to the appointment of a financial evaluator to appraise the family-controlled business, of which he is chief executive officer, and regardless of his claims that he has no ownership interest in the company and that the company is not marital property, in light of the evidence of the commingling of plaintiff's personal finances with the company's finances, the court properly appointed an appraiser to conduct an audit to enable it to determine the equitable distribution of marital assets and an award of maintenance (see *Pechman v Pechman*, 303 AD2d 479 [2003]; *Gellman v Gellman*, 160 AD2d 265, 267 [1990]). Given the large discrepancy in the parties' respective incomes and the nature of the issues in dispute, there is no basis for interfering with the award of interim counsel fees and the appraiser's fee (see generally *Charpié v Charpié*, 271 AD2d 169, 173 [2000]). Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and Abdus-Salaam, JJ.