■ SANDRA ARABIAN, Respondent, v MASSOUD ARABIAN, Appellant. [915 NYS2d 513]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered on or about January 27, 2010, which, inter alia, denied defendant's application to compel arbitration and ordered him to pay $17,000 per month in pendente lite maintenance and child support, unanimously affirmed, without costs.

Immediately before the parties' wedding ceremony on March 18, 2000, they signed a "Binding Arbitration Agreement" wherein they agreed to submit to the Beth Din of America, Inc., for a binding decision, any dispute over issues relating to a get (religious divorce), premarital agreements or monetary matters. When plaintiff commenced this divorce action, defendant moved for a stay and to compel arbitration. Plaintiff cross-moved for pendente lite support.

The parties' agreement, while not unconscionable (*see Avitzur v Avitzur*, 58 NY2d 108, 113-114 [1983]), is not "acknowledged or proven in the manner required to entitle a deed to be recorded," as required by Domestic Relations Law § 236 (B) (3). Nor is it "an oral agreement entered on the record in open court during a matrimonial action intended to settle that action" (*Rubenfeld v Rubenfeld*, 279 AD2d 153, 156 [2001]). In light of the sweeping language in *Matisoff v Dobi* (90 NY2d 127, 133-134, 136 [1997]) and the statute's plain terms, we find that the parties' agreement, which addresses matters of substance,

falls within the scope of the statute and therefore is not enforceable to the extent it purports to require arbitration of disputes beyond the issue of a get. We find no merit to defendant's argument that this action will cease to be a matrimonial action once he asserts a breach of contract counterclaim. In light of our holding, we do not reach the question of whether there are any provisions of the agreement that would be unenforceable as violative of public policy even if the agreement had been acknowledged.

Defendant has substantial liquid assets, unlike the husband in *Hill v Hill* (121 AD2d 270, 271 [1986]). Thus, he "shows no exigency which would warrant departure from the general rule that an aggrieved party's remedy for perceived inequities in a pendente lite award is a speedy trial" (*Shurka v Shurka*, 68 AD3d 488, 489 [2009]). Concur—Saxe, J.P., Friedman, Nardelli, Moskowitz and Richter, JJ.