■ ROBERTA L. HOFFMAN, Appellant, v JOEL S. HOFFMAN, Respondent. [916 NYS2d 797]—

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated April 7, 2009, as denied those branches of her motion which were to enforce a stipulation and purported modification agreement directing the defendant to pay her the sum of $500,000, to appoint a temporary receiver of the defendant's business interests, and for an award of counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appointment of a temporary receiver is an extreme remedy which can only be invoked in cases in which the moving party has made a clear evidentiary showing of the necessity for conservation of the property and protection of the interests of the movant (see CPLR 6401 [a]; Iannone v Iannone, 31 AD3d 713, 715 [2006]; Rose v Rose, 305 AD2d 578, 578-579 [2003]; Fuegel v Fuegel, 232 AD2d 608 [1996]). Here, the Supreme Court properly determined that the plaintiff failed to meet this burden, and her conclusory assertions that the defendant was liquidating properties and hiding the proceeds from her were insufficient to warrant the appointment of a receiver (see Iannone v Iannone, 31 AD3d at 715; DaSilva v DaSilva, 225 AD2d 513 [1996]; Serdaroglu v Serdaroglu, 209 AD2d 606, 608 [1994]).

Contrary to the plaintiff's contention, she was not entitled to the enforcement of a stipulation and purported modification agreement directing the defendant to pay her the sum of $500,000. Pursuant to the "so-ordered" stipulation the parties entered into on October 2, 2008, net proceeds from the sale of specified marital property must be used to pay the plaintiff any balance remaining on the $500,000 loan made by the plaintiff to the defendant under that stipulation prior to any receipt by the defendant of his equitable distribution. The plaintiff, however, failed to provide evidence that the defendant received any net proceeds from the sale of such property after the parties entered into the October 2, 2008, stipulation.

The Supreme Court providently exercised its discretion in declining to award counsel fees to the plaintiff (see Domestic Relations Law § 238).

The issue raised by the plaintiff concerning the validity of a

purported modification agreement is not properly before this Court. Skelos, J.P., Balkin, Austin and Roman, JJ., concur.