■ GABRIELLA CHONG, Appellant, v STELLA CHAPARRO et al., Respondents. [941 NYS2d 709]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated July 21, 2010, as denied that branch of her motion which was to vacate a prior order of the same court dated November 19, 2009, sua sponte, directing the dismissal of the complaint pursuant to CPLR 3126 and, in effect, to vacate a judgment of the same court dated January 22, 2010, which, upon the order dated November 19, 2009, is in favor of the defendants and against her dismissing the complaint.

Ordered that the order dated July 21, 2010, is reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs payable by the defendants appearing separately and filing separate briefs, that branch of the plaintiff's motion which was to vacate the order dated November 19, 2009, and, in effect, to vacate the judgment dated January 22, 2010, is granted, the order dated November 19, 2009, and the judgment dated January 22, 2010, are vacated, and the complaint is reinstated.

In 2005, the plaintiff commenced this action against the defendants seeking, inter alia, to recover damages for medical malpractice. After issue was joined, and before a preliminary conference was held, the plaintiff responded to the defendants' separate discovery demands and provided authorizations for the release of certain medical records.

On February 20, 2007, a preliminary conference was held. Pursuant to the ensuing preliminary conference order, depositions of all parties were scheduled, and the plaintiff was directed to provide certain authorizations by March 20, 2007. The pre-

liminary conference order directed the plaintiff to file a note of issue by April 5, 2008.

Following a compliance conference on December 13, 2007, the Supreme Court issued a compliance conference order directing the plaintiff to provide certain additional authorizations within 10 days of the conference. Since the depositions had not been held, the order set dates by which the parties were to be deposed. The order provided that the defendants reserved their right to conduct a physical examination of the plaintiff.

The plaintiff provided additional authorizations to the defendants on January 24, 2008. Thereafter, she was deposed on March 27, 2008.

The plaintiff filed her note of issue on or about April 9, 2008. In the accompanying certificate of readiness, she indicated that the defendants' depositions and their physical examination of her remained outstanding.

The parties entered into a so-ordered stipulation dated April 10, 2008, whereby the plaintiff was to provide all outstanding authorizations within 20 days and to appear for a continued deposition. The stipulation also provided that the defendants were to designate a physician to examine the plaintiff within 15 days after depositions were completed.

On August 2, 2008, one of the defendants died. As a result, the action was stayed until letters of administration were issued to the administratrix of the deceased defendant's estate on January 6, 2009.

Thereafter, a conference was held on April 28, 2009. At that conference, the parties entered into a so-ordered stipulation pursuant to which the case was struck from the trial calendar. The parties agreed that the defendants would provide a list of outstanding authorizations needed from the plaintiff by May 8, 2009. The plaintiff was to respond to those requests for authorizations within 30 days of receipt. The defendants were to be produced for depositions by certain dates in July, August, September, and October 2009. The plaintiff was to appear for a physical examination by November 2, 2009. A further conference was scheduled for November 19, 2009.

Following the conference on November 19, 2009, the Supreme Court issued an order, sua sponte, directing the dismissal of the complaint pursuant to CPLR 3126. Thereafter, the Supreme Court entered a judgment dated January 22, 2010, which, upon that order, was in favor of the defendants and against the plaintiff dismissing the complaint.

The plaintiff moved, inter alia, to vacate the order dated

November 19, 2009, and, in effect, the judgment dated January 22, 2010. She argued that the defendants had been provided with "literally[ ]hundreds" of authorizations and she had appeared for depositions on three separate occasions. In addition, she contended that the defendants never scheduled the physical examination of her, and had never been produced for their court-ordered depositions.

The Supreme Court issued an order dated July 21, 2010, which, among other things, denied that branch of the plaintiff's motion which was to vacate the aforementioned order and, in effect, the aforementioned judgment. The plaintiff appeals, and we reverse the order dated July 21, 2010, insofar as appealed from.

The striking of a pleading is appropriate upon a clear showing that a party's failure to comply with discovery demands is willful or contumacious (*see Workman v Town of Southampton*, 69 AD3d 619, 620 [2010]; *Canaan v Costco Wholesale Membership, Inc.*, 49 AD3d 583, 584 [2008]; *Goldstein v Kingsbrook Jewish Med. Ctr.*, 39 AD3d 816, 817 [2007]; *Russo v Tolchin*, 35 AD3d 431, 434 [2006]).

Here, the record does not demonstrate that the plaintiff willfully or contumaciously obstructed the progress of disclosure (*see·Redmond v Jamaica Hosp. Med. Ctr.*, 62 AD3d 854, 854 [2009]). During the pendency of the action, the plaintiff provided numerous authorizations. In addition, she advised the defendants that she was unaware of a number of the medical providers for whom the defendants sought authorizations.

Although the plaintiff did not conduct the defendants' depositions by the dates set forth in the April 28, 2009, so-ordered stipulation, there is no evidence that the defendants provided dates to the plaintiff upon which they would be available to be deposed. Moreover, the record is devoid of evidence that the defendants complied with the provisions of that stipulation. They failed to provide a list of the outstanding authorizations to the plaintiff by the court-imposed deadline of May 8, 2009, designate a physician to conduct the physical examination of the plaintiff (*see Cespuglio v SA Bros. Taxi Corp.*, 44 AD3d 697, 698 [2007]; *Rodriguez v Sau Wo Lau*, 298 AD2d 376 [2002]), or schedule such examination by November 2, 2009 (*cf. Dacey v Horror Cafe*, 293 AD2d 511 [2002]).

Accordingly, the Supreme Court improvidently exercised its discretion in, sua sponte, imposing the sanction of dismissing the action (*see* CPLR 3126; *Redmond v Jamaica Hosp. Med. Ctr.*, 62 AD3d 854 [2009]), and in denying that branch of the plaintiff's motion which was to vacate the order dated November

19, 2009, and, in effect, the ensuing judgment dismissing the complaint. Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur.