■ JOSEPH DOUEK, Respondent, v VIVIAN DOUEK, Appellant. [48 NYS3d 614]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated November 21, 2014. The order granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendant from offering financial evidence at trial.

Ordered that the order is affirmed, with costs.

In this action for a divorce and ancillary relief, the Supreme Court granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendant from offering financial evidence at trial. The defendant appeals.

Pursuant to CPLR 3126, if any party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . , the court may make such orders with regard to the failure or

refusal as are just." The nature and the degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court (see Raville v Elnomany, 76 AD3d 520, 521 [2010]; Casey v Casey, 39 AD3d 579, 580 [2007]; Green v Green, 32 AD3d 898, 899 [2006]; Serdaroglu v Serdaroglu, 209 AD2d 606, 607 [1994]).

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendant from offering financial evidence at trial due to her willful violation of discovery orders and her failure to comply with the plaintiff's discovery requests (see CPLR 3126; Raville v Elnomany, 76 AD3d 520 [2010]; Casey v Casey, 39 AD3d 579 [2007]; Green v Green, 32 AD3d 898 [2006]; Serdaroglu v Serdaroglu, 209 AD2d 606 [1994]). Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.