Hussaini v Hussaini (2025 NY Slip Op 02331)

Hussaini v Hussaini

2025 NY Slip Op 02331

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2020-05933
 (Index No. 707985/20)

[*1]Batool M. Hussaini, respondent,
v
Syed Moinuddin Hussaini, appellant.

A. Cohen Law Firm, P.C., Valley Stream, NY (Avi Cohen of counsel), for appellant.
Gemelli Gross Shapiro & Marino, Forest Hills, NY (John A. Gemelli, Anthony J. DiChiara, and David M. Gross of counsel), for respondent.

DECISION & ORDER
In a consolidated action, inter alia, for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Margaret P. McGowan, J.), entered July 14, 2020. The order, insofar as appealed from, denied those branches of the defendant's motion which were to preclude the plaintiff from offering evidence at trial, to appoint the defendant as temporary receiver of certain property, for a forensic evaluation of the parties' businesses and real properties, to restore the defendant's salary to $208,000 or for temporary spousal maintenance, and for an award of attorneys' fees, and, in effect, denied that branch of the defendant's motion which was, in effect, for summary judgment declaring that an arbitration agreement is null and void.
ORDERED that order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion which were for an award of attorneys' fees and for temporary spousal maintenance; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination of those branches of the defendant's motion which were for an award of attorneys' fees and for temporary spousal maintenance.
The parties, Batool M. Hussaini (hereinafter Batool) and Syed Moinuddin Hussaini (hereinafter Syed), married in 1983. In May 2018, the parties entered into an agreement to have arbitrators resolve their dispute over certain matters, including the ownership of businesses and real properties. An arbitration award was issued in June 2018. Batool commenced an action for a separation, in which she sought, among other things, the distribution of marital property in accordance with the arbitration award. Subsequently, that action was consolidated with an action for a divorce and ancillary relief that Syed had commenced. Batool also commenced a separate proceeding to confirm the arbitration award.
Syed moved, inter alia, to dismiss the cause of action in the consolidated action to confirm the arbitration award, to preclude Batool from offering evidence at trial, to appoint Syed as temporary receiver of certain property, for a forensic evaluation of the parties' businesses and real properties, to restore Syed's salary to $208,000 or for temporary spousal maintenance, for an award of attorneys' fees, and, in effect, for summary judgment declaring that an arbitration agreement is null and void. In an order entered July 14, 2020, the Supreme Court, among other things, relying on [*2]the existence of the pending proceeding to confirm the arbitration award, granted that branch of Syed's motion which was to dismiss the cause of action in this consolidated action to confirm the arbitration award. The court denied or, in effect, denied the remaining branches of Syed's motion described above. Syed appeals from so much of the order as denied or, in effect, denied the remaining branches of his motion described above.
The Supreme Court properly, in effect, denied that branch of Syed's motion which was, in effect, for summary judgment declaring that the arbitration agreement is null and void. Syed contends that the arbitration agreement is a nuptial agreement under Domestic Relations Law § 236(B)(3) that is unenforceable because it was not acknowledged or proven in a form required for the recording of a deed (see Galetta v Galetta, 21 NY3d 186; Matisoff v Dobi, 90 NY2d 127). However, Syed is precluded from now challenging the arbitration agreement by having fully participated in the arbitration without objection (see Zar v Yaghoobzar, 161 AD3d 815, 817; compare CPLR 7511[b][1][i]-[iv], with CPLR 7511[b][2][ii]). In Zar, this Court held that a spouse who had participated in the parties' arbitration was precluded from later claiming that there was no valid agreement to arbitrate (see Zar v Yaghoobzar, 161 AD3d at 817). We recognize a distinction between a matrimonial agreement requiring proper acknowledgments under Domestic Relations Law § 236(B) for enforceably resolving contested issues, such as equitable distribution, maintenance, and child custody (see Galetta v Galetta, 21 NY3d at 191-192; Matisoff v Dobi, 90 NY2d at 133-134), and a substantively different agreement where the parties merely agree to refer such issues to arbitration for future resolution on the merits. While the Appellate Division, First Department, in Arabian v Arabian (79 AD3d 517) appears to have reached a different result by affirming a stay of an arbitration where the parties' premarital agreement was not acknowledged in a manner required for a deed to be recorded, Arabian is distinguishable on its facts, as here, the parties had already participated in their arbitration without objection, as in Zar.
The Supreme Court providently exercised its discretion in denying that branch of Syed's motion which was to appoint himself as temporary receiver of certain property. Syed failed to make a clear evidentiary showing of the necessity for conservation of the property at issue and the protection of his interests (see Manning-Kranes v Manning-Franzman, 175 AD3d 1403, 1403; DaSilva v DaSilva, 225 AD2d 513, 513). Syed made only conclusory allegations of economic misconduct by Batool, and these allegations were insufficient to warrant the appointment of a temporary receiver (see Hoffman v Hoffman, 81 AD3d 600, 600; Serdaroglu v Serdaroglu, 209 AD2d 606, 608).
However, we remit the matter for a new determination of that branch of Syed's motion which was for an award of attorneys' fees. "The purpose of an award of interim counsel fees is to ensure that the less monied spouse will be able to litigate the action on equal footing with the monied spouse" (Kaufman v Kaufman, 189 AD3d 31, 76 [internal quotation marks omitted]). "An award of interim counsel fees to the nonmonied spouse will generally be warranted where there is a significant disparity in the financial circumstances of the parties" (id. [internal quotation marks omitted]). In considering whether to award attorneys' fees, the court may consider, among other factors, "whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (id. at 77). Here, even though a "detailed inquiry or evidentiary hearing is not required prior to the award of interim counsel fees" (id. at 76 [internal quotation marks omitted]), we conclude that, under these circumstances where, among other things, Batool failed to file a statement of net worth despite a court order requiring her to do so, the Supreme Court lacked sufficient information to determine that branch of Syed's motion which was for an award of attorneys' fees (cf. 22 NYCRR 202.16[k][3]; Smith v Smith, 277 AD2d 531, 532). For the same reasons, we remit the matter to the Supreme Court, Queens County, for a new determination of that branch of Syed's motion was which was for temporary spousal maintenance. In doing so, we express no position on whether or to what extent the court should award attorneys' fees or temporary spousal maintenance.
Syed's remaining contentions are without merit.
Accordingly, we modify the order insofar as appealed from and remit the matter to [*3]the Supreme Court, Queens County, for a new determination of those branches of Syed's motion which were for an award of attorneys' fees and for temporary spousal maintenance.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court